### ISAAC v. SCHNELL.

(Supreme Court, Appellate Term. June 25, 1909.)

NEW TRIAL (§ 33*)—GROUNDS—IRREGULARITIES AT TRIAL.

Where, in an action for injuries in a collision with an automobile, the uncontradicted evidence showed that at the time of the accident the chauffeur running the car was not in the employ of defendant, the court refused to charge that there was no evidence from which the jury could find that the car was employed on defendant's business, but made statements, as to the extent and nature of plaintiff's injuries, tending to enable plaintiff to secure a verdict as a result of sympathy for him, the verdict for plaintiff must be set aside.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 33.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Abraham Isaac against George Schnell. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

James A. Delehanty, for appellant.
James M. O'Neill, for respondent.

SEABURY, J. The plaintiff, a street car conductor, got on the street to examine the switches of the car, and was struck by an automobile owned by defendant. The plaintiff sues to recover damages on the ground of negligence.

The contention of the appellant is that the chauffeur in charge of the car was not in the defendant's employ, and that he was not accorded a fair trial. A great deal of the evidence offered in this case by the counsel for the plaintiff was entirely incompetent. A large part of the evidence was received without any objection being made to it by the defendant's counsel. Still it was made to appear by uncontradicted evidence that at the time of the accident the chauffeur, who was running the car, was not in the employ of the defendant. During the direct examination of the plaintiff the court said:

"It may be put on the record that he has got a scar on the right side of his skull in the shape of a cross, and an elongated scar on the left side of his skull, a long scar on the right of his right eye, that on the scalp are a number of scars, and in one place the hair entirely gone from the place where apparently was a scar, and it might be stated that he is in the most awful state I ever saw a human being, so far as his head is concerned."

To this statement the defendant's counsel duly excepted. At the close of the court's charge the defendant's counsel asked the court to charge that:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"There is no evidence in the case from which the jury can find that the car at the time of the accident was employed on the business of the defendant."

This request was refused, and the defendant noted an exception. There are several statements in the charge of the learned court, to which the defendant excepted, which should not have been made. The natural effect of these statements was to secure a verdict which was the result of sympathy for the plaintiff and prejudice against the defendant. We do not think it necessary to comment upon these statements further than to say that we are satisfied that justice requires a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.